UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,,<br><br>Plaintiff(s),<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-1752 JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiff Deutsche Bank National Trust Company's ("plaintiff") motion for summary judgment. (ECF No. 41). Defendant SFR Investments Pool 1, LLC ("SFR") filed a response (ECF No. 46), to which plaintiff replied (ECF No. 49).

Also before the court is SFR's motion for summary judgment. (ECF No. 40). Plaintiff filed a response (ECF No. 44), to which SFR replied (ECF No. 48).

**I.      Facts**

This action involves the parties' interests in real property located at 3725 Shallow Dove Court, North Las Vegas, Nevada, 89032 ("the property"). (ECF No. 1).

*a.   Plaintiff's interest in the property*

On February 1, 2001, Terry and Janis Jackson ("the Jacksons") obtained title to the property via a grant, bargain, and sale deed. *Id.* On August 24, 2006, the Jacksons obtained a loan from Hamilton Mortgage Company ("Hamilton") for $256,700 to refinance ownership of the property. *Id.* The Jacksons executed a promissory note in favor of Hamilton, as well as a deed of trust to secure repayment of the loan. *Id.* The deed of trust, recorded on August 31, 2006, listed Hamilton as the lender and Mortgage Electronic Registration Systems, Inc.

("MERS") as the beneficiary solely as nominee for the lender and the lender's successors and assigns. *Id.*

On November 10, 2008, MERS executed a corporate assignment of the deed of trust, naming plaintiff as beneficiary. *Id.*

### b. *Defendants' interest in the property*

On August 4, 2011, defendant Nevada Association Services ("NAS"), acting on behalf of defendant Gleneagles Homeowners Association ("the HOA") recorded a notice of delinquent assessment lien. *Id.* On December 29, 2011, NAS, on behalf of the HOA, recorded a notice of default and election to sell. *Id.* On March 12, 2013, NAS, on behalf of the HOA, recorded a notice of foreclosure sale. *Id.*

On April 5, 2013, the HOA foreclosed against the property. *Id.* Defendant SFR purchased the property at the foreclosure sale for $12,000. *Id.* A foreclosure deed was recorded on April 8, 2013. *Id.*

### c. *Plaintiff's complaint and remaining claims*

Plaintiff initiated this action on June 26, 2017, challenging the legal effect of the April 5, 2013, HOA foreclosure sale. (ECF No. 1). Through this action, plaintiff seeks to preserve its pre-sale interest in the property. *Id.* Plaintiff's complaint asserted twelve causes of action against defendants. *Id.* On March 14, 2018, the court granted in part SFR's motion to dismiss, allowing the following causes of action to proceed: (1) plaintiff's first claim for quiet title/declaratory relief pursuant to NRS 30.010 *et seq.* and NRS 40.010 against all defendants; and (2) plaintiff's tenth claim for unjust enrichment against SFR. (ECF No. 29).

On March 28, 2018, SFR filed an answer and counterclaims/crossclaims against plaintiff for quiet title and "preliminary and permanent injunction." (ECF No. 30). Plaintiff and SFR now move for summary judgment in their favor on their respective claims.

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a

**James C. Mahan
U.S. District Judge**

- 2 -

judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties'

differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

Plaintiff and SFR have filed cross-motions for summary judgment on their respective claims. (ECF Nos. 40, 41).

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, a party must show that its claim to the property is superior to all others in order to succeed on a quiet title action. *See Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

NRS 116.3116 *et seq.*[1] ("Chapter 116") allows an HOA to place a lien on its homeowners' residences for unpaid assessments and fines. Nev. Rev. Stat. § 116.3116(1). Under NRS 116.3116(2), HOA liens have priority over other encumbrances. Nev. Rev. Stat. § 116.3116(2). However, some encumbrances are not subject to an HOA lien's priority, including "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

Chapter 116 then provides an exception to the subparagraph (2)(b) exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investments Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Under Chapter 116, an HOA can enforce its superpriority lien with a nonjudicial foreclosure sale. *Id.* at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

NRS 116.31166(1) provides that when an HOA forecloses on a property pursuant to NRS 116.31164, the following recitals in the deed are conclusive proof of the matters recited:

> (a) Default, the mailing of the notice of delinquent assessment, and the recording of the notice of default and election to sell;
> (b) The elapsing of the 90 days; and
> (c) The giving of notice of sale[.]

---

[1] The 2015 Legislature revised Chapter 116 substantially. 2015 Nev. Stat., ch. 266. Except where otherwise indicated, the references in this order to statutes codified in NRS Chapter 116 are to the version of the statutes in effect in 2011–13, when the events giving rise to this litigation occurred.

Nev. Rev. Stat. § 116.31166(1)(a)–(c).[2] "The 'conclusive' recitals concern . . . all statutory prerequisites to a valid HOA lien foreclosure sale." *See Shadow Wood Homeowners Assoc. v. N.Y. Cmty. Bancorp., Inc.*, 366 P.3d 1105 (Nev. 2016) ("*Shadow Wood*"). Nevertheless, courts retain the equitable authority to consider quiet title actions even when an HOA's foreclosure deed contains statutorily conclusive recitals. *See id.* at 1112.

Here, the parties have provided the recorded notice of delinquent assessment, the recorded notice of default and election to sell, the recorded notice of foreclosure sale, and the recorded trustee's deed upon sale. *See* (ECF No. 40-6, 40-7, 40-8, 40-9). Further, the recorded foreclosure deed contains the necessary recitals to establish compliance with NRS 116.31162 through NRS 116.31164. (ECF No. 40-9); *see id.* at 1112. Therefore, pursuant to NRS 116.31166 and the recorded foreclosure deed, the foreclosure sale was valid to the extent that it complied with NRS 116.31162 through NRS 116.31164.

While NRS 116.3116 accords certain deed recitals conclusive effect, it does not conclusively entitle the buyer at the HOA foreclosure sale to success on a quiet title claim. *See Shadow Wood*, 366 P.3d at 1112 (rejecting that NRS 116.31166 defeats, as a matter of law, actions to quiet title). Thus, the question remains whether plaintiff has demonstrated sufficient grounds to justify setting aside the foreclosure sale. *See id.*

In its motion for summary judgment, plaintiff argues that it is entitled to summary judgment on its quiet title claim for three reasons: (1) the HOA foreclosure sale was conducted pursuant to a facially unconstitutional statute; (2) the "evidence indicates the HOA Lien Sale was a subpriority sale," which would not extinguish plaintiff's deed of trust; and (3) even if the HOA

---

[2] The statute further provides as follows:

    2. Such a deed containing those recitals is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons. The receipt for the purchase money contained in such a deed is sufficient to discharge the purchaser from obligation to see to the proper application of the purchase money.

    3. The sale of a unit pursuant to NRS 116.31162, 116.31163 and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption.

Nev. Rev. Stat. § 116.31166(2)–(3).

**James C. Mahan**
**U.S. District Judge**

foreclosure sale were valid, it must be set aside for commercial unreasonableness.[3] (ECF No. 41). The court will address each of plaintiff's arguments in turn.

    *a. "Bourne Valley" and due process*

Plaintiff relies on *Bourne Valley Court Trust v. Wells Fargo Bank, NA* ("*Bourne Valley*") for the proposition that the HOA conducted its foreclosure sale pursuant to an unconstitutional statute, and thus the foreclosure sale must be set aside. (ECF No. 41 at 7). *See Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016). Indeed, plaintiff argues that Nevada's "opt in" notice provision contained in NRS Chapter 116 does not satisfy constitutional due process and notice requirements. (ECF No. 41 at 10). However, plaintiff's reliance on *Bourne Valley* is misplaced.

In *Bourne Valley*, the Ninth Circuit held that Chapter 116 violated the Due Process Clause of the Fourteenth Amendment because it did not require a party foreclosing on a property to provide notice to a holder of any subordinate security interest. *Bourne Valley*, 832 F.3d at 1159. This conclusion was based on the interpretation that NRS 116.31168(1) did not incorporate NRS 107.090, which requires notice of default to any person with a subordinate security interest. *Id*.

When the Ninth Circuit ruled in *Bourne Valley*, there was no authority on the interpretation of NRS 116.31168(1). Left with the general doctrines of statute interpretation, the court declined to incorporate NRS 107.090 on the grounds that it would render NRS 116.31168(1) superfluous. *Id*. (citing *S. Nev. Homebuilders Ass'n v. Clark Cnty.*, 117 P.3d 171, 173 (2005)).

Since the Ninth Circuit's decision in *Bourne Valley*, the Nevada Supreme Court has provided its interpretation of Chapter 116, holding that NRS 116.31168(1) does incorporate NRS 107.090. *SFR Invs. Pool 1, LLC. v. The Bank of N.Y. Mellon*, 422 P.3d 1248, 1252 (Nev. 2018)

---

[3] Plaintiff's motion purports to assert a fourth reason why it is entitled to summary judgment; however, the court finds that that argument is simply an extension of its argument that the sale was conducted pursuant to an unconstitutional statute. *See* (ECF No. 41). Therefore, the court will address those points together.

James C. Mahan
U.S. District Judge

- 7 -

1 (expressly refuting *Bourne Valley*). Under this ruling, NRS 116.31168(1) requires notice to subordinate interest holders and, thus, does not violate the Fourteenth Amendment. *Id*.

Both the Ninth Circuit and the Supreme Court have recognized, "a [s]tate's highest court is the final judicial arbiter of the meaning of state statutes." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (citing *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975)); *see also Knapp v. Cardwell*, 667 F.2d, 1253, 1260 (9th Cir. 1982) ("State courts have the final authority to interpret, and, where they see fit, to reinterpret the states' legislation.").

Accordingly, this court will follow the Nevada Supreme Court's decision and hold that the HOA foreclosed on the property pursuant to a constitutional statute. As a result, plaintiff is not entitled to relief based on this argument.

*b. The CC&Rs and purported "subpriority sale"*

Plaintiff further argues that the "evidence indicates the HOA [foreclosure sale] was a subpriority sale," and therefore did not extinguish plaintiff's deed of trust. (ECF No. 41 at 13). Plaintiff notes that "the amount the HOA wanted to collect as part of the HOA Sale, the amount the HOA did collect at the sale, and the amount it distributed to the Jacksons all uniformly indicate that the HOA intended to conduct a subpriority sale in compliance with the CC&Rs at issue." (ECF No. 49 at 17). However, plaintiff's argument is misguided for several reasons.

First, the Nevada Supreme Court has already held that the language of an HOA's CC&Rs cannot alter the nature of a properly conducted non-judicial foreclosure sale pursuant to NRS Chapter 116. *See SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014). In *SFR*, the Nevada Supreme Court held:

> Chapter 116's "provisions may not be varied by agreement, and rights conferred by it may not be waived . . . [e]xcept as *expressly* provided in" Chapter 116. (Emphasis added.) "Nothing in [NRS] 116.3116 expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien." *See 7912 Limbwood Court Trust*, 979 F. Supp. 2d at 1153; The mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case. *See Boulder Oaks Cmty. Assn v. B & J Andrews Enters., LLC*, 125 Nev. 397, 407, 215 P.3d 27, 34 (2009) (holding that a CC&Rs clause that created a statutorily prohibited voting class was void and unenforceable).

*Id.* Therefore, any purported "intent" by the HOA to waive its superpriority rights through its CC&Rs cannot be enforced.

Moreover, the dollar amounts the HOA sought (and ultimately collected) at the sale and the manner in which the HOA subsequently distributed the sale proceeds do not impact whether plaintiff's deed of trust was extinguished as a result of the sale, so long as the HOA properly conducted a non-judicial foreclosure sale on the superpriority portion of its lien.

Although some courts have held that an HOA may expressly decide to split its lien and only foreclose on the subpriority portion of its lien, in those cases, the HOA's agent expressly announced at the HOA sale that the sale would not affect the underlying first deed of trust, and the foreclosure deed itself stated that it was granting title subject to the first deed of trust. *See 7912 Limbwood Court Trust v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 116223, *8 (D. Nev. Aug. 31, 2015); *Laurent v. JP Morgan Chase, N.A.*, 2016 U.S. Dist. LEXIS 43511, *14.

Here, plaintiff has proffered no evidence indicating that the HOA expressly announced that the sale would not affect the underlying first deed of trust, nor has it provided the court with any authority suggesting that its "evidence" is sufficient to show that the HOA intended to conduct only a subpriority sale. Accordingly, the court finds plaintiff is not entitled to relief based on this argument.

   c. *Commercial unreasonability*

Lastly, plaintiff argues that it is entitled to summary judgment on the grounds that the HOA's sale of the property was conducted in a commercially unreasonable manner. (ECF No. 41 at 17).

Plaintiff acknowledges that "grossly inadequate sales price" is insufficient to deem an HOA foreclosure sale commercially unreasonable. *Id.* Indeed, to find an HOA foreclosure sale commercially unreasonable, "there must also be a showing of fraud, unfairness, or oppression." *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643 (Nev. 2017).

. . .

. . .

. . .

. . .

Thus, to support its argument, plaintiff notes

> The unfairness present here is derived from the fact that the HOA's foreclosure was (i) based upon an unconstitutional statute; (ii) included fees and costs which could only by recovered as part of a subpriority lien sale, and (iii) the language of the CC&Rs each of which is independently sufficient grounds for setting aside the HOA Lien Sale.

(ECF No. 41 at 18).

However, the court has already dispelled the merits of these arguments on an individual basis, and therefore declines to lend them weight in support of a finding of "fraud, unfairness, or oppression" necessary to set aside the sale on commercial unreasonableness grounds. *See* 405 P.3d at 643. Moreover, plaintiff presents no authority suggesting that any combination of these three factors is sufficient to support a finding of unfairness. *See* (ECF No. 41).

Therefore, the court finds plaintiff is not entitled to relief based on this argument, and will therefore deny plaintiff's motion for summary judgment.

## IV. Conclusion

In light of the foregoing, plaintiff has not provided sufficient grounds for the court to set aside the foreclosure sale or hold that plaintiff's deed of trust continues to encumber the property.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for summary judgment (ECF No. 41) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that SFR's motion for summary judgment (ECF No. 40) be, and the same hereby is, GRANTED.

The clerk is instructed to enter judgment accordingly and close the case.

DATED January 3, 2019.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 10 -